return, there was an additional tax due of $90.42 under Section 6653(a) of the Internal Revenue Code of 1954.[1]

On this appeal taxpayer contends that the Tax Court erred in its factual determination that there was a $4,136.12 understatement of gross income in the 1962 income tax return, and in denying his motion "for further trial." As to these contentions we cannot say that the Tax Court was "clearly erroneous" in its factual determination of a $4,136.12 understatement of gross income, or that it abused its discretion in denying taxpayer's request "for further trial."

We cannot subscribe to taxpayer's further contention, presented for the first time on this appeal, that the deficiency assessment is barred by the statute of limitations because notice of deficiency was not mailed by the Commissioner of Internal Revenue until March 30, 1967, approximately four years after the 1962 tax return was filed on April 15, 1963. It is true that Section 6501(a) of the Internal Revenue Code of 1954 provides that as a general rule no assessment of tax will be made after three years of the filing of an income tax return. However, Section 6501(e) (1) (A) provides that "if the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed * * * at any time *within 6 years* after the return was filed.' (Emphasis supplied).

Here the Tax Court found that its determined $4,136.12 understatement of gross income constituted more than 25 percent of taxpayer's 1962 gross income thus calling into play the cited 6-year statutory limitation. Since the Tax

Court's Decision assessing the additional $1,808.32 tax was filed March 30, 1969, that assessment was made within the 6-year applicable statutory limitation.

For the reasons stated the Decision of the Tax Court will be affirmed.

Isiah TATE, Plaintiff-Appellant,

v.

A/B SVENSKA AMERIKA LINEIN, Defendant-Third Party Plaintiff-Appellee,

v.

STRACHAN SHIPPING COMPANY, Third-Party Defendant-Appellee, American Mutual Liability Insurance Company, Intervenor.

No. 30101

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1970.

Rehearing Denied Jan. 13, 1971.

---

1. Section 6653(a) provides that there shall be added to the tax due by reason of underpayment of income taxes an amount equal to 5% of the underpayment where the underpayment ". . . is due to negligence or intentional disregard of

rules and regulations (but without intent to defraud), * * *."

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Steven R. Plotkin, Owen J. Bradley, New Orleans, La., for plaintiff-appellant.

McClendon & McClendon, Stuart A. McClendon, Metairie, La., for third party defendant Strachan Shipping Company.

Benjamin W. Yancey, Joe M. Inabnett, New Orleans, La., for defendant-appellees; Terriberry, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

### Joseph Wesley COUEY, Plaintiff-Appellant,

v.

### WEST BROTHERS, INC. and John H. Speed, Defendants-Appellees.
### No. 29568.

United States Court of Appeals,
Fifth Circuit.
Dec. 8, 1970.

Albert S. Johnston, III, Pascagoula, Miss., for plaintiff-appellant.

White & Morse, Stanford E. Morse, Jr., Gulfport, Miss., for defendants-appellees.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

### Juanita W. BISHOP, Plaintiff-Appellee,

v.

### The FRANKLIN LIFE INSURANCE COMPANY, Defendant-Appellant.
### No. 29791.

United States Court of Appeals,
Fifth Circuit.
Dec. 10, 1970.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Honorable Philip Nichols, Jr., sitting by designation.